The Honorable Larry Goodwin State Representative P.O. Box 129 Cave City, Arkansas 72521-0129
Dear Representative Goodwin:
This is in response to your request, on behalf of the Salem City Attorney, for an opinion on two questions relating to the use of Fulton County sales tax revenues to support the Fulton County Hospital. Specifically, your question relates to a one percent county sales and use tax levied under the provisions of A.C.A. §§ 26-74-301 to -319 (1987 and Cum. Supp. 1993). This subchapter authorizes the levy of what has commonly been referred to as an "operating penny."[1] It is indicated that on December 19, 1989, the voters approved an ordinance entitled as follows:
 For adoption of a one percent sales and use tax within Fulton County to be designated during the first five (5) years as follows: Years 1 
2, 60% for the Fulton County Hospital and 40% for Fulton County, years 3, 4, 5 40% for the Fulton County hospital and 60 % for Fulton County. After 5 years all of the proceeds shall go to Fulton County. If the Fulton County Hospital should cease to exist, prior to the 5 years provided above, the hospital's designated percentage shall go to Fulton County.
The county started collecting the tax in March 1990 and has collected and distributed the revenues from the tax in accordance with the ordinance until this time. The five years during which the Fulton County Hospital was to receive a portion of the revenues ended at the end of March, 1995. The Hospital has made a request that the Quorum Court continue to appropriate revenues from the sales and use tax for the use and benefit of the hospital. The questions presented for resolution are as follows:
 1. Can the County continue to use the revenues generated by the sales and use tax for the use and benefit of Fulton County Hospital, which use would appear to be contrary to the provisions of the ordinance approving the sales and use tax?
 2. If not, can the County appropriate moneys from the County General Fund for the use and benefit of the Fulton County Hospital?
In correspondence attached to your request, the question posed is whether the quorum court can continue "to appropriate" revenues from the tax to the hospital. I am uncertain whether indeed an appropriation has in the past been made allocating the sales tax moneys, or whether the county treasurer merely authorized payment by check, warrant, or other accounting transaction from a separately maintained sales tax fund to the Hospital and the county general fund. It is my opinion that the Hospital may not receive an outright appropriation or a distribution of sales tax monies held in such a separate fund. I have not been provided with a copy of the ordinance in question or the ballot title approved by the voters. Assuming, however, that a distribution of sales tax dollars to the Hospital after expiration of the five year period would be contrary thereto, it is my opinion that sales tax moneys, as such, may not thereafter be distributed to the Hospital. In such instance the ballot title is controlling. See generally, Arkansas-Missouri Power Company v.City of Rector, 214 Ark. 649, 217 S.W.2d 335 (1949) (stating that the ballot title is the final word of information and warning to which the electors have the right to look). Additionally, A.C.A. § 26-74-308(c) provides that the ballot may . . . indicate designated uses of the revenues derived from the sales tax and if the tax is approved, the proceeds shall only be used for the designated purposes." See also
Arkansas Constitution, art. 16, § 11. The collected sales tax dollars the County receives from the State Treasurer under A.C.A. §. 26-74-313 (Cum. Supp. 1993) may not therefore be distributed to the hospital. This would, in my opinion, be contrary to the ordinance as described above.
It is my opinion, however, in response to your second question, that Fulton County may make an appropriation of general funds to the Fulton County Hospital from the county general fund. This conclusion would appear to obtain even if sales tax dollars are placed in or commingled with the county general fund by virtue of the ordinance described above. This action would appear to violate neither A.C.A. § 26-74-307, which restricts distribution of sales tax dollars to uses designated in the ballot title, nor Arkansas Constitution, art. 16, § 11, which prohibits the use of a tax levied for one purpose from being used for any other purpose. The ordinance, and I assume the ballot title, authorize the sales tax dollars to go to the County generally after the expiration of the five year period. This is consistent with section 26-74-313(d)(3) which states that these sales tax dollars may be used for any purpose for which the county's general funds may be used. County general funds may lawfully be used to support a county hospital. Section 14-265-103(1987) provides that:
 Any municipality and any county is authorized to acquire, own, construct, reconstruct, extend, equip, improve, maintain, operate, sell, lease, contract concerning, or otherwise deal in or dispose of any land, building, improvements, or facilities of any and every nature whatever that can be used for hospitals, nursing homes, rest homes, or related facilities within or near the municipality or county.
Section 14-265-104(1987) provides, in relevant part, that municipalities and counties are authorized to use "any available revenues" for the accomplishment of the purposes set forth in § 14-265-103. . . ." Thus, counties are authorized to use general fund moneys to support a county hospital.
It is therefore my opinion that while the Hospital may no longer receive a designated percentage of sales tax dollars as of right under the ordinance or under any other ordinance without a new vote of the people, it may urge the county quorum court to make an appropriation of county general funds to the Hospital, which fund may include such sales tax dollars. The quorum court may then, in its discretion, and with all the benefits of public debate, decide what amount, if any, it wishes to appropriate to the Hospital.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The subchapter has since been amended to also authorize the levy of a .25%, .50%, and .75% sales tax. See A.C.A. § 26-74-307 (Cum. Supp. 1993).